# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM E. VIETS and ANNE M. VIETS, ) | Case No.: 2:11-cv-00169-GMN-RJJ |
| ) | |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| ) | |
| WACHOVIA MORTGAGE, FSB, a Federal Savings ) | |
| Bank, NATIONAL DEFAULT SERVICING ) | |
| CORPORATION, a Foreign Corporation; JOHN ) | |
| DOES I-V; and DOE CORPORATIONS I through X ) | |
| inclusive, ) | |
| ) | |
| Defendants. ) | |
|  ) | |

## INTRODUCTION

Before the Court is Defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB's ("Wells Fargo") Motion to Dismiss (ECF No. 7) and Release of the Lis Pendens (ECF No. 8). Plaintiffs William E. Viets and Anne M. Viets filed a Response (ECF No. 15) and Defendant filed a Reply (ECF No. 22).

## FACTS AND BACKGROUND

The Plaintiffs, William E. Viets and Anne M. Viets, are husband and wife who purchased property located at 9960 Via Solano, Reno, Nevada 89511 in 2007 (the "Property"). (Compl. ¶¶ 1 & 5, ECF No. 1-2). World Savings Bank, FSB provided Plaintiffs the loan to purchase the Property. (*Id.* at ¶ 5.) Eventually Wachovia Mortgage ("Wachovia") acquired Plaintiffs' loan. (*Id.*)

On or around July 2009, Plaintiffs applied for a loan modification with Wachovia; however, Plaintiffs continued to make the mortgage payments during this time. (*Id.* at ¶ 6.)

Wachovia rejected the loan modification in August 2009 allegedly because Plaintiffs' loan was current and not in default. (*Id.* at ¶ 7). Following the advice of the Wachovia representative, Plaintiffs did not pay their August 2009 and September 2009 mortgage payments so that they could qualify for a loan modification. (*Id.* at ¶ 8.) However, in September 2009 Wachovia denied Plaintiffs' second request for a loan modification stating the reason for the denial was information on Plaintiffs' credit report. (*Id.* at ¶ 9.) Plaintiffs' paid the October 2009 mortgage payment and then reapplied for a loan modification, but instead received a Notice of Default on October 22, 2009. (*Id.* at ¶ 10.)

Plaintiffs again fell behind on their mortgage payments in November 2009, but continued to seek a loan modification. (*Id.* at ¶¶11–12.) From November 2009 to March 2010 Plaintiffs supplied Wachovia with financial information and documents for a loan modification. (*Id.* at ¶ 13.) However, during this time Wachovia would call Plaintiffs informing them that they would not review the loan modification due to lack of documents. (*Id.* at ¶14.) Plaintiffs claim they had already supplied all the documents. (*Id.*) In May 2010 Plaintiffs again provided Wachovia with an updated set of financial documents. (*Id.* at ¶ 15.) However, Plaintiff never received a loan modification.

On October 14, 2010, Plaintiffs received a Notice of Trustee's Sale, stating that the Property is scheduled to sell on November 8, 2010. (*Id.* at ¶ 17.) Plaintiffs claim that the only reason they fell behind on their mortgage and missed so many payments was due to Wachovia's representations that by doing so it would make the loan eligible for a loan modification. Plaintiffs assert that they were deprived of the opportunity to elect mediation under the Nevada Foreclosure Mediation Program based on the representations made by Wachovia that they would qualify for financial assistance through loan modification. (*Id.* at ¶ 20.)

Plaintiffs filed the instant suit on November 4, 2010 in the Eighth Judicial District Court,

Clark County, Nevada.  Defendant Wells Fargo removed the action to federal district court on

January 31, 2011. (Notice of Removal, ECF No. 1.)  Plaintiffs allege five causes of action:

(1) promissory estoppel; (2) wrongful foreclosure/quiet title; (3) misrepresentation; (4) unjust

enrichment; and (5) injunctive relief.  In the instant Motion to Dismiss, Wells Fargo argues that

Plaintiffs' complaint should be dismissed (1) because the state law claims are preempted by the

Home Owners' Loan Act of 1933 ("HOLA") and (2) for failure to state a claim under Fed. R.

Civ. P. 12(b)(6).

### DISCUSSION

**A.   Rule 12(b)(6) Standard**

　　　　Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

(1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of

action that fails to state a claim upon which relief can be granted.  A motion to dismiss under

Rule 12(b)(6) tests the complaint's sufficiency.  *See North Star Int'l. v. Arizona Corp.*

*Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under

Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does

not give the defendant fair notice of a legally cognizable claim and the grounds on which it

rests.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007).

However, facts must be sufficient to edge a complaint from the conceivable to the plausible in

order to state a claim. *Id.*  In considering whether the complaint is sufficient to state a claim, the

court will take all material allegations as true and construe them in the light most favorable to

the plaintiff.  *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court,

however, is not required to accept as true allegations that are merely conclusory, unwarranted

deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d

979, 988 (9th Cir. 2001).

The Supreme Court clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Court in *Ashcroft* further stated "[w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."" *Id.*  Therefore, merely making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged conduct must be pled.

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**B.   Federal Preemption**

Congress gave the Office of Thrift Supervision ("OTS") broad authority to issue regulations governing thrifts through HOLA. 12 U.S.C. § 1464; *Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008).  OTS has promulgated regulations stating that OTS "occupies the entire field of lending regulation for federal savings associations." 12 C.F.R. § 506.2(a).  The Ninth Circuit has held that the implementing regulations set forth in section 560.2 is the framework that controls the determination of whether a state law claim is preempted by HOLA. *Silvas*, 514 F.3d at 1005.

First, courts must determine whether the state law is one of the enumerated types of laws

expressly preempted in section 560.2(b). *Id.* These include "processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." 12 C.F.R. § 560.2(b)(10). If the state law is one of these enumerated types then the "analysis will end there; the law is preempted." *Silvas*, 514 F.3d at 1005. However, the next question to ask is "whether the law affects lending." *Id.* If it does, then the law is presumed to be preempted subject to exceptions provided by section 560.2(c). *Id.*

Section 560.2(c) provides:

State laws of the following types are not preempted to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of [section 560.2(a)]:
(1) Contract and commercial law;
(2) Real property law;
(3) Homestead laws specified in 12 U.S.C. § 1462a(f);
(4) Tort law;
(5) Criminal law; and
(6) Any other law that OTS, upon review, finds:
(i) Furthers a vital state interest; and
(ii) Either has only an incidental effect on lending operations or is not otherwise contrary to the purposes expressed in paragraph (a) of this section.

12 C.F.R. § 560.2(c). These exceptions are "to be interpreted narrowly." *Silvas*, 514 F.3d at 1005.

"In *Silvas*, the Ninth Circuit focused not on the nature of the cause of action allegedly preempted, but rather on the 'functional effect upon lending operations of maintaining the cause of action.'" *Rumbaua v. Wells Fargo Bank, N.A.*, No. 11–1998, 2011 WL 3740828, at *7 (N.D.Cal. Aug. 25, 2011) (citing *Naulty v. GreenPoint Mortg. Funding, Inc.*, No. 09–1542, 2009 WL 2870620, at *4 (N.D.Cal. Sep.3, 2009)). "The question was rather whether an application of a given state law to the activities of federal savings associations would 'impose requirements' regarding the various activities broadly regulated by the OTS." *Rumbaua*, 2011 WL 3740828, at *7(citations omitted). Accordingly, courts within the Ninth Circuit have

"interpreted *Silvas* to not preempt all state law causes of action arising out of loan modification and/or foreclosure proceedings, but only those that impose new requirements on the lender." *Id.*; *see, e.g.*, *Susilo v. Wells Fargo Bank, N.A.*, No. 11–1814, 2011 WL 2471167, at *4–6 (C.D.Cal. June 21, 2011) (denying bank's motion to dismiss borrower's breach of contract, negligence, bad faith, and fraud claims as preempted by HOLA).

World Savings Bank was a federal chartered savings bank, organized and operating under HOLA. World Savings Bank provided Plaintiffs the loan to purchase the property. (Compl. at ¶ 5.) World Savings Bank was renamed Wachovia Mortgage, FRS, in 2007 which became by merger a division of Wells Fargo Bank, N.A. in 2009.[1] The application of HOLA applies to the successors of federal savings banks. *See, e.g.*, *Haggarty v. Wells Fargo Bank, N.A.*, No. C 10-02416 CRB, 2011 WL 445183, at *4 (N.D. Cal. Feb. 2, 2011) ("Where a national association, such as defendant, acquires the loan of a federal savings bank, it is proper to apply preemption under HOLA.") (citation omitted); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F.Supp.2d 1119, 1126 (N.D. Cal. June 9, 2010); *Zlotnik v. U.S. Bancorp*, No. C 09-3855 PJH, 2009 WL 5178030, at *6 (N.D. Cal. Dec. 22, 2009).

Defendant argues that like the plaintiffs in *DeLeon*, Plaintiffs' claims are preempted because they solely relate to the "processing [and] servicing . . . of mortgages." 729 F.Supp.2d 1119. In *DeLeon*, the plaintiffs alleged that the lender proceeded to sale without "concluding" ongoing modification discussions. *Id.* Plaintiffs brought a wrongful foreclosure suit, yet the court found that plaintiffs' state law claims related to "processing" and "servicing" of the subject mortgage and were preempted by HOLA. *Id.* at 1126. Specifically, the court, among

---

[1] Defendant asks the Court to take judicial notice of four government documents that establish the following: (1) World Savings Bank, FSB, is a federal savings bank; (2) World Savings Bank, FSB became Wachovia Mortgage, FSB on or around November or December 2007; (3) Wachovia Mortgage, FSB is a federally chartered bank subject to the Home Owner's Loan Act ("HOLA"); and (4) Wachovia Mortgage, FSB merged with Wells Fargo, N.A. in November 2009. (Reply, pg. 5–6; Ex. A, ECF No. 22.) Plaintiffs do not oppose the documents. Because these facts are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, the Court GRANTS Defendant's request pursuant to Federal Rule of Evidence 201(b).

other claims, preempted the plaintiffs' wrongful foreclosure and quiet title claims. *Id.* at 1126, 1128.

HOLA preemption is not as broad as Defendant argues it is.  HOLA does not preempt a plaintiff's claims that are premised on fraud or promises made by defendants.  "[S]uch claims are not necessarily preempted, because the only "requirement" they impose on federal savings banks is that they be held responsible for the statement they make to their borrowers." *Rumbaua*, 2011 WL 3740828, at *7.  "If these causes of action were preempted, federal savings associations would be free to lie to their customers with impunity."  *Id.*  However, if a plaintiff's allegations state that defendants failed to use proper care or comply with industry standards they would essentially be seeking to impose new requirements on the lender and would be preempted by HOLA. *Id.*

Here all of Plaintiffs' claims arise from allegations that Defendants made representations to them that they would modify their loan if Plaintiffs defaulted.  The allegations do not involve whether or not the Defendants used proper care in deciding whether or not to give them a loan modification.  To the extent they do, then those claims would be preempted, but the Court's review of the Complaint does not reveal this is the case.  Therefore the Court finds that none of the claims are preempted by HOLA.

## C.    Promissory Estoppel

Plaintiffs' First Cause of Action is for promissory estoppel.  Promissory estoppel is the equitable doctrine whereby a party that induces foreseeable, detrimental reliance on a promise can be held to the promise regardless of lack of consideration. *See* Restatement (Second) of Contracts § 90.  Thus, promissory estoppel is not properly characterized as a cause of action, but as a doctrine of consideration in contract.

Plaintiffs did not plead the elements of a claim for breach of contract or sufficient facts to support such a claim.  Any promise must be sufficiently clear and unambiguous in its terms

for the court to enforce any promised duty. *See Ladas v. Cal. State Auto. Ass'n*, 23 Cal.Rptr.2d 810, 814–15 (Cal.Ct.App.1993). Here, Plaintiffs fail to demonstrate a clear and unambiguous promise that their loan would be modified. Under the general allegations portion of the Complaint, there are no allegations that Defendants stated their loan will be modified if they are in default. (*See* Compl. at ¶¶5–20). However, under Plaintiffs' Third Cause of Action they state that Defendants made misrepresentations by telling them that the loan "will be modified if in default". (*See id.* at ¶ 40). Regardless, this does not meet the heightened pleading standard of Fed.R.Civ.P. 9(b) which applies to estoppel claims. *See Hasan v. Ocwen Loan Servicing*, LLC, 2010 WL 2757971, 2 (D.Nev.2010). ).

Even though the complaint unambiguously alleges promissory estoppel, (*id.* ¶¶ 21–33[2]), Plaintiffs appear to argue that the complaint could also be read to allege equitable estoppel. (Response at 9:23–26.) But if there is a legal distinction between promissory estoppel and equitable estoppel, then the complaint does not give Defendants "fair notice" of a claim for equitable estoppel because the complaint alleges only promissory estoppel. *See Twombly*, 550 U.S. at 555. Nevertheless, even if the complaint were to give Defendants fair notice of a claim of equitable estoppel, it would still be dismissed for failure to meet the heightened pleading standard of Fed.R.Civ.P. 9(b).

Accordingly, the Court dismisses Plaintiffs' promissory estoppel claim with leave to amend.

**D.     Wrongful Foreclosure and Quiet Title**

Plaintiffs base their claim for wrongful foreclosure on the conduct of Defendants that lead them to believe that the foreclosure would not occur and a modification would occur by falling behind on mortgage payments. In Nevada "[a]n action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale

---

[2] The Complaint skips from paragraph 26 to paragraph 33.

was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev.1983) (citations omitted).  Plaintiffs admit that they were in default on their mortgage payments.  Accordingly this claim is dismissed.

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. N.R.S. 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev.1996).  Specifically, when an adverse claim exists, the party seeking to have another party's right to property extinguished, must overcome the "presumption in favor of the record titleholder." *Id.* (citing *Biasi v. Leavitt*, 692 P.2d 1301, 1304 (Nev.1985).  Plaintiffs cannot quiet title without discharging debt owed on the Property. *See Fuleihan v. Wells Fargo*, 2010 WL 3724186 at *5 (D.Nev.2010) (a borrower cannot quiet title to a property without discharging any debt owed).  Plaintiffs do not claim they are current on their mortgage or that they have discharged any debt owed.  Accordingly this claim is dismissed.

**E.    Misrepresentation**

The elements of intentional misrepresentation or common law fraud in Nevada are:
(1)  a false representation made by the defendant;
(2)  defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation);
(3)  defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation;
(4)  plaintiff's justifiable reliance upon the misrepresentation; and
(5)  damage to the plaintiff resulting from such reliance.

*Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev.1992).  The claim must be pled with particularity in accordance with Fed.R.Civ.P. 9(b). *See Federal Trade Com'n v. Ivy Capital, Inc.*, 2011 WL 2118626 (D.Nev.2011).  In order to meet the heightened pleading requirements of Rule 9(b) a plaintiff must specify the time, place, and content of the misrepresentation as

well as the names of the parties involved. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir.2009); *see also*, *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n. 10 (9th Cir.1999); *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549–50 (8th Cir.1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

Plaintiffs fail to indicate the specific facts of the misrepresentation.  For the same reasons stated *supra*, in section C, this claim is dismissed with leave to amend.

Plaintiffs also appear to change this cause of action in their Response to a claim of constructive fraud.  (Response at 11:7–12:20.)  Plaintiffs argue that a special duty exists based on a fiduciary relationship established between them and the Defendants.  Even if this were so,[3] then this claim would be preempted by HOLA because it involves an analysis of the duty and care of lenders and of industry standards that would essentially be seeking to impose new requirements on the lender.

**F.    Unjust Enrichment**

Plaintiffs allege that the mortgage payment in October of 2009 "constitutes a valuable benefit conferred upon Defendants for which Plaintiffs have not received justification." (Compl. at ¶ 47).  They further allege that Defendants were "allowed to retain these benefits without being required to modify Plaintiffs' loan" and therefore have been unjustly enriched.

To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly retained money or property of another against fundamental principles of equity. *See Asphalt Prods. Corp. v. All Star Ready Mix, Inc.*, 898 P.2d 699, 700 (Nev.1995).  However, an action for unjust enrichment cannot stand when there is an express written contract which guides the activities of the parties. *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975*, 942 P.2d 182, 187 (Nev.1997).

---

[3] Generally, a lender owes no duty to a borrower, and thus a fiduciary relationship does not exist between lender and borrower. *Yerington Ford, Inc. v. GMAC*, 359 F.Supp. 2d 1075, 1089 (D.Nev. 2004).

Here, there was a written contract between the parties, namely, the deed of trust and mortgage note.  These documents guided the interactions, obligations, and rights of the parties. As such, Plaintiffs cannot make a claim in equity for actions that are guided by a contract to which they are parties. *See Id.* at 187–88. Accordingly, this claim is dismissed with prejudice.

**G.     Injunctive Relief**

A request for a preliminary injunction is a form of relief that is granted when a plaintiff demonstrates that (1) he is likely to succeed on the merits, (2) irreparable injury is likely, (3) the balance of equities tips in his favor, and (4) that an injunction is in the public interest. Plaintiffs have failed to demonstrate these factors and as such this claim for relief is dismissed without prejudice.

<u>**CONCLUSION**</u>

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 7) is **GRANTED in part** and **DENIED in part**.

All of Plaintiffs' claims are **DISMISSED**.  Plaintiffs are **GRANTED leave to amend claims 1 and 3 and reassert their claims for relief**.  Plaintiffs shall file their Amended Complaint **by December 30, 2011**.  Failure to file an Amended Complaint by that date will result in dismissal of this lawsuit.

**IT IS FURTHER ORDERED** that Defendant's Motion to Release the Lis Pendens (ECF No. 8) is **DENIED, without prejudice**.

DATED this 12th day of December, 2011.

_____
Gloria M. Navarro
United States District Judge