UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM E. VIETS, and ANNE M. VIETS, <br><br> Plaintiffs, <br><br> vs. <br><br> WACHOVIA MORTGAGE, FSB, a Federal Savings Bank; NATIONAL DEFAULT SERVICING CORPORATION, a Foreign Corporation; JOHN DOES I-V; and DOE CORPORATIONS I through X, inclusive, <br><br> Defendants. | Case No.: 2:11-cv-00169-GMN-RJJ <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 28) and the Motion to Expunge Lis Pendens (ECF No. 29) filed by Defendant Wells Fargo Bank, N.A., as successor by merger to Wachovia Mortgage, FSB ("Wells Fargo").  Defendant National Default Servicing Corporation ("NDSC") filed a Joinder. (ECF No. 31.)  Plaintiffs William Viets and Anne Viets filed a Response (ECF No. 34) and Defendant Wells Fargo filed a Reply (ECF No. 37).

**I. BACKGROUND**

Plaintiffs are husband and wife who purchased the property located at 9960 Via Solano, Reno, NV 89511 ("the property") in 2007.  World Savings Bank, FSB provided the loan, and Wachovia Mortgage, FSB later acquired that loan.

*Plaintiffs allege the following facts:* In July 2009, Plaintiffs applied for a loan modification and continued to pay the mortgage payments during this time.  However, Wachovia rejected their application because the loan was not in default A Wachovia

representative advised them not to pay their August and September 2009 payments so that they could qualify.  Nevertheless, the application was again rejected, this time Wachovia cited certain information on their credit report.  Plaintiffs then paid the October 2009 payment and reapplied for a loan modification, but received a Notice of Default instead.  Plaintiffs continued to seek a modification and fell behind on their mortgage payments in November 2009.  From November 2009 to March 2010, they provided Wachovia with financial information and documents for a loan modification.  Wachovia would not review the application because of a lack of documentation despite Plaintiffs having provided  all the documents.  Plaintiffs submitted an updated set of financial documents in May 2010, but never received a loan modification.

Plaintiffs' complaint alleges that the false representations by the Wachovia representatives caused them to stop making mortgage payments and deprived them of the opportunity to elect mediation under the Nevada Foreclosure Mediation Program.

In December 2011, the Court granted Defendants' previous Motion to Dismiss, and permitted Plaintiffs to amend claims one and three of their Complaint, alleging promissory estoppel and misrepresentation. (Order, ECF No. 23.)  Plaintiffs filed their First Amended Complaint on January 6, 2012 (ECF No. 26), alleging equitable estoppel and misrepresentation against Defendants Wells Fargo (incorrectly named as Wachovia Mortgage, FSB) and NDSC (collectively, "Defendants").[1]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim

---

[1] Plaintiffs list "Injunctive Relief" under the heading, "Third Cause of Action."  However, injunctive relief is a remedy, not a cause of action.

1  and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555
2  (2007).  In considering whether the complaint is sufficient to state a claim, the Court will
3  take all material allegations as true and construe them in the light most favorable to the
4  plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).
5     The Court, however, is not required to accept as true allegations that are merely
6  conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v.
7  Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a
8  cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts
9  showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937,
10 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).
11    "Generally, a district court may not consider any material beyond the pleadings in
12 ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as
13 part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc.
14 v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).
15 Similarly, "documents whose contents are alleged in a complaint and whose authenticity
16 no party questions, but which are not physically attached to the pleading, may be
17 considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion
18 to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th
19 Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of
20 "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.
21 1986).  Otherwise, if the district court considers materials outside of the pleadings, the
22 motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa
23 Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).
24 / / /
25 / / /

### III. DISCUSSION

In their Amended Complaint, Plaintiffs allege equitable estoppel and misrepresentation, and request injunctive relief. In its December 2011 Order, the Court dismissed Plaintiffs' claim for promissory estoppel and found that "Plaintiffs did not plead the elements of a claim for breach of contract or sufficient facts to support such a claim." (Order, 7:24-25.) The Court also found that if Plaintiffs' intent was to allege equitable estoppel, as argued in their brief, then Plaintiffs also failed to adequately allege that claim as well, for failure to meet the pleading standard of Federal Rule of Civil Procedure 9(b). (Order, 9:10-17.) The Court also dismissed Plaintiffs' claim for misrepresentation, for failure to satisfy the pleading standard of Rule 9(b). (Order, 10:5-6.) The Court gave Plaintiffs leave to amend these two causes of action. As discussed in the Court's Order, Home Owners' Loan Act of 1933 ("HOLA") preemption does not apply to these causes of action. (Order, 7:3-17.)

**A. Equitable Estoppel**

Here, Plaintiffs have amended their complaint to allege equitable estoppel instead of promissory estoppel. In Nevada, equitable estoppel functions to prevent the assertion of legal rights that in equity and good conscience should not be available due to a party's conduct. *In re Harrison Living Trust*, 112 P.3d 1058, 1061-62 (Nev. 2005). Four elements must be alleged: (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; (4) he must have relied to his detriment on the conduct of the party to be estopped. *See id.*

Here, Plaintiffs have alleged that Defendants and their agents knowingly acted to induce Plaintiffs to stop making mortgage payments and to forgo election of mediation.

The Court finds that Plaintiffs' amended and extensive description in their Amended Complaint of the dates, communications and actions taken by themselves and Defendants are sufficient to satisfy the pleading standard of Federal Rule of Civil Procedure 9(b). Accordingly, the Court will deny Defendants' motion to dismiss this claim.

### B. Misrepresentation

In Nevada, a plaintiff must allege three factors for a claim of misrepresentation: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that result from this reliance. *Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). Such a claim must also be alleged "with particularity." Fed. R. Civ. P. 9(b).

Here, for the same reasons discussed above, the Court finds that Plaintiffs have sufficiently alleged misrepresentation and facts supporting this claim in their Amended Complaint, to satisfy the pleading standard of Federal Rule of Civil Procedure 9(b).

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 28) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Expunge Lis Pendens (ECF No. 29) is **DENIED**.

DATED this 26th day of December, 2012.

_____
Gloria M. Navarro
United States District Judge