**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIAM E. VIETS and ANNE M. VIETS as husband and wife,<br><br>　　　　　　　Plaintiffs,<br>　　vs.<br><br>WACHOVIA MORTGAGE, FSB, a Federal Savings Bank, NATIONAL DEFAULT SERVICING CORPORATION, a Foreign Corporation; JOHN DOES 1-V; and DOE CORPORATIONS I through X inclusive,<br><br>　　　　　　　Defendants. | Case No.: 2:11-cv-00169-GMN-NJK<br><br>**ORDER** |

This action arises out of the foreclosure proceedings initiated against the property of William E. and Anne Viets. Pending before the Court is Plaintiffs' Ex Parte Motion for Temporary Restraining Order (ECF No. 56) and Motion for Preliminary Injunction (ECF No. 57). The Motion for Preliminary Injunction is not yet ripe because Defendants have not yet filed an opposition and the deadline to do so has not yet passed.

**I.      BACKGROUND**

Plaintiffs are husband and wife who purchased the property located at 9960 Via Solano, Reno, NV 89511 ("the property") in 2007. World Savings Bank, FSB provided the loan, and Wachovia Mortgage, FSB later acquired that loan. Plaintiffs allege the following facts: In July 2009 they applied for a loan modification and continued to make the mortgage payments during this time. Their application was rejected because the loan was not in default, and a Wachovia representative then advised them not to pay their August and September 2009 payments so that they could qualify. The application was again rejected allegedly because of information on their credit report. Plaintiffs then paid the October 2009 payment and then reapplied, but

instead received a Notice of Default.  Plaintiffs continued to seek a modification, and fell behind on their mortgage payments in November 2009.  From November 2009 to March 2010 they provided Wachovia with financial information and documents for a loan modification.  Wachovia informed them that they would not review the application because of a lack of documents, although Plaintiffs had already supplied all the documents.  Plaintiffs submitted an updated set of financial documents in May 2010, but never received a loan modification.

Plaintiffs allege that the false representations by the Wachovia representatives caused them to stop making mortgage payments and deprived them of the opportunity to elect mediation under the Nevada Foreclosure Mediation Program.

In December 2011, the Court granted Defendants' previous Motion to Dismiss, and permitted Plaintiffs to amend claims one and three of their Complaint, alleging promissory estoppel and misrepresentation. (Order, ECF No. 23.)  Plaintiffs filed their First Amended Complaint on January 6, 2012 (ECF No. 26), alleging equitable estoppel and misrepresentation against Defendants Wells Fargo (incorrectly named as Wachovia Mortgage, FSB) and NDSC (collectively, "Defendants").  Thereafter, on January 22, 2012, Defendants filed a second Motion to Dismiss (ECF No. 28), which the Court denied on September 30, 2012 (ECF Nos. 38, 43.)  Subsequently, Plaintiffs filed the instant Emergency Motion for a Temporary Restraining Order, seeking to enjoin Defendants from "selling and/or transferring title of real property at a residential foreclosure sale, scheduled for July 10, 2013 at 11:00 a.m., regarding real property located at 9960 Via Solana, Reno, Nevada 89511-4317, APN No. 152-493-11, that is owned by Plaintiffs William and Anne Viets." (Mot. for TRO 2:5-8, ECF No. 56.)

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable

injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b).  Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F.Supp. 2d 1111, 1126 (E.D. Cal. 2001).  A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

An injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.  The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

### III. DISCUSSION

As discussed by the Court in its December 26, 2012, Order, Plaintiffs have adequately plead the elements of equitable estoppel and misrepresentation. (Order, ECF No. 46.) Specifically, Plaintiffs met the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure on their Equitable Estoppel and Misrepresentation claims. (*Id.*) Furthermore, "[i]n deciding a motion for a preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l. Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986)

(quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)). Accordingly, the Court finds that there are serious questions going to the merit.

Additionally, given that Plaintiffs home is set for foreclosure sale on July 10, 2013 at 11:00 am (Mot. for TRO 2:5-8, ECF No. 56), the Court finds that there is a likelihood of irreparable harm in the absence of preliminary relief, and that the hardship balance here tips sharply toward the Plaintiffs. The Court finds that enjoining the foreclosure sale is in the public interest.

Because Plaintiff is facing eviction, the Court finds that no bond or security is required at this time.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Ex Parte Motion for Temporary Restraining Order (ECF No. 56) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall have until Wednesday, July 17, 2013, to file their Reply Brief. The Court will conduct a hearing on Plaintiffs' Motion for Preliminary Injunction on **Tuesday, July 23, 11:00 AM.** The temporary restraining order shall be effective until the hearing on the Motion for Preliminary Injunction (ECF No. 57).

**DATED** this 9th day of July, 2013.

_____
Gloria M. Navarro
United States District Judge