# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM E. VIETS and ANNE M. VIETS as husband and wife,　　　　　　　　　　　) <br><br>　　　　　　　　　　　Plaintiffs,　　　　) <br>　　　　vs.　　　　　　　　　　　) <br>　　　　　　　　　　　　　　　) <br>WACHOVIA MORTGAGE, FSB,  a Federal　) <br>Savings Bank, NATIONAL DEFAULT　　) <br>SERVICING CORPORATION, a Foreign　) <br>Corporation; JOHN DOES 1-V; and DOE　) <br>CORPORATIONS I through X inclusive,　) <br>　　　　　　　　　　　　　　　) <br>　　　　　　　　　　　Defendants.　　) <br>_____) | Case No.: 2:11-cv-00169-GMN-NJK <br><br>**ORDER** |

This action arises out of the foreclosure proceedings initiated against the property of William E. Viets and Anne M. Viets ("Plaintiffs").  Pending before the Court is Plaintiffs' Emergency Motion for Preliminary Injunction. (ECF No. 57.)  Defendant filed a Response to Plaintiffs' Motion (ECF No. 58) and Plaintiffs filed a Reply (ECF No. 61).

## I.    BACKGROUND

Plaintiffs are husband and wife who purchased the property located at 9960 Via Solano, Reno, NV 89511 ("the property") in 2007.  World Savings Bank, FSB provided the loan, and Wachovia Mortgage, FSB later acquired that loan.  Plaintiffs allege the following facts: In July 2009 they applied for a loan modification and continued to make the mortgage payments during this time.  Their application was rejected because the loan was not in default, and a Wachovia representative then advised them not to pay their August and September 2009 payments so that they could qualify.  The application was again rejected allegedly because of information on their credit report.  Plaintiffs then paid the October 2009 payment and then reapplied, but

instead received a Notice of Default.  Plaintiffs continued to seek a modification, and fell behind on their mortgage payments in November 2009.  From November 2009 to March 2010 they provided Wachovia with financial information and documents for a loan modification. Wachovia informed them that they would not review the application because of a lack of documents, although Plaintiffs had already supplied all the documents.  Plaintiffs submitted an updated set of financial documents in May 2010, but never received a loan modification.

Plaintiffs allege that the false representations by the Wachovia representatives caused them to stop making mortgage payments and deprived them of the opportunity to elect mediation under the Nevada Foreclosure Mediation Program.

In December 2011, the Court granted Defendant's previous Motion to Dismiss, and permitted Plaintiffs to amend claims one and three of their Complaint, alleging promissory estoppel and misrepresentation. (Order, ECF No. 23.)  Plaintiffs filed their First Amended Complaint on January 6, 2012 (ECF No. 26), alleging equitable estoppel and misrepresentation against Defendants Wells Fargo (incorrectly named as Wachovia Mortgage, FSB) and National Default Servicing Corporation ("NDSC") (collectively, "Defendants").  Thereafter, on January 22, 2012, Defendant filed a second Motion to Dismiss (ECF No. 28), which the Court denied on September 30, 2012 (ECF Nos. 38, 43.)

Subsequently, on July 8, 2013, Plaintiffs filed an Emergency Motion for a Temporary Restraining Order, seeking to enjoin Defendants from "selling and/or transferring title of real property at a residential foreclosure sale, scheduled for July 10, 2013 at 11:00 a.m., regarding real property located at 9960 Via Solano, Reno, Nevada 89511-4317, APN No. 152-493-11, that is owned by Plaintiffs William and Anne Viets." (Mot. for TRO 2:5-8, ECF No. 56.)  The Court granted that motion and set a briefing schedule on Plaintiffs' pending Emergency Motion for Preliminary Injunction. (Order 4:13-16, ECF No. 59.)  Having reviewed the briefing on this motion, the Court hereby GRANTS Plaintiffs' Emergency Motion for Preliminary Injunction.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders. Fed. R. Civ. P. 65(a).  A preliminary injunction "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

An injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.  Alternatively, the Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

## III.   DISCUSSION

### A.   Likelihood of Success on the Merits

Two of Plaintiffs' original causes of action survived Defendant's motions to dismiss. Specifically, the Court found that Plaintiffs adequately pleaded claims for (1) equitable

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

estoppel; and (2) misrepresentation.[1]  "Equitable estoppel functions to prevent the assertion of legal rights that in equity and good conscience should not be available due to a party's conduct." *In re Harrison Living Trust*, 112 P.3d 1058, 1061-62 (Nev. 2005) (citation omitted). To prevail on their Equitable Estoppel claim, Plaintiffs will have to establish that: "(1) [Defendant was] apprised of the true facts; (2) [Defendant] intend[ed] that [its] conduct sh[ould] be acted upon, or must so act that [Plaintiffs] ha[d] the right to believe it was so intended; (3) [Plaintiffs were] ignorant of the true state of facts; (4) [Plaintiffs] relied to [their] detriment on [Defendant's] conduct." *Id.* at 1062.

Here, Plaintiffs allege that they were denied a loan modification because their loan was not yet in default.  They further allege that, in reliance of this statement, they stopped paying their loan and that, ultimately, they relied to their own detriment, because they defaulted on their loan and did not receive the expected loan modification.

Plaintiffs' allegations are supported by written evidence in the form of a letter from the lender, Wachovia Mortgage, FSB. (Reply, Ex. 2, ECF No. 61.)  In addition, Plaintiffs have provided evidence that indicate that Defendant informed Plaintiffs that they would never "get into the [loan modification] program by being up to date or current with [their] loan." (William Viets Dep. 23:22-24:3.)  In its opposition, Defendant essentially argues that it never intended for Plaintiffs to miss loan payments in order to become eligible for the loan modification program.  Defendant also argues that Plaintiffs' reliance on any statements about the loan

---

[1] In addition to discussing a likelihood of success on the merits of the claims listed in Plaintiffs' Amended Complaint, Plaintiffs argue, and Defendants dispute, that the foreclosure of the subject property was statutorily defective.  However, both parties fail to recognize that the Amended Complaint omits any reference to a cause of action for statutorily defective foreclosure based on a defect in the Notice of Default.  Thus, these statutorily defective foreclosure arguments are not properly before the Court.  The Court also observes that, even if these arguments were properly before the Court, the parties fail to provide sufficient documentation to support their respective arguments.  Specifically, neither party has provided the Court with the substitution of Trustee documents.  The Court does recognize, however, that it has previously taken judicial notice of the documents establishing that Defendant Wells Fargo is the holder of the note due to World Savings Bank FSB becoming Wachovia Mortgage, FSB and the merger of Wachovia Mortgage, FSB and Wells Fargo, N.A. (*See* Order on Mot. to Dismiss 6, n.1, ECF No. 23.)

modification program and its eligibility requirements was not reasonable reliance.[2]  Thus, Defendant argues, Plaintiffs have failed to establish that they will likely succeed on their equitable estoppel claim.

The Court need not resolve this factual dispute between the parties.  The Ninth Circuit has stated that, "in deciding a motion for preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).  At the very least, Plaintiffs have established "serious questions going to the merits." *See Alliance for the Wild Rockies*, 632 F.3d at 1132.   Accordingly, the Court finds that Plaintiffs have carried their burden.

### B.    Likelihood of Irreparable Harm in the Absence of Preliminary Relief

Prior to the Court's July 10, 2013 Order granting Plaintiffs' Emergency Motion for Temporary Restraining Order, Defendant had scheduled a residential foreclosure sale of the subject property for July 10, 2013 at 11:00 a.m.[3]  Because the denial of Plaintiffs' motion will likely result in the sale of the subject property, the Court does not doubt that Plaintiffs will likely suffer irreparable harm in the absence of the requested relief. *See Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 661-62 (9th Cir. 1988) (noting that potential loss of real property through foreclosure may constitute a threat of irreparable injury). Accordingly, the Court concludes that Plaintiffs have also carried their burden of establishing a likelihood of irreparable harm.

---

[2] Defendant fails to recognize that these types of questions of fact should be left to a jury, and not for the Court, to decide.

[3] The Court also notes that it has twice denied Defendants' Motions for Release of the lis pendens. (*See* ECF Nos. 23, 38, 43.)  In light of the fact that the lis pendens is still in effect, the Court is unsure why Defendants were proceeding with such a foreclosure sale.

### C.   Balance of Equities

As discussed above, Defendants intended to sell the subject property at a residential foreclosure sale on July 10, 2013 until the Court enjoined that sale in the July 10, 2013 Order. In the absence of this preliminary relief, Defendants will likely attempt to sell the property again.  Given that such action would result in the sale of Plaintiffs' home, the Court finds that the hardship balance of equities tips sharply in favor of Plaintiffs.  Accordingly, the Court finds that preliminary injunctive relief is appropriate.

### D.   Public Interest

"The public interest analysis for the issuance of [injunctive relief] requires [district courts] to consider whether there exists some critical public interest that would be injured by the grant of preliminary relief." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1138 (9th Cir. 2011) (citation omitted). In this case, the Court finds no such public interest that would be injured by the issuance of such injunctive relief.

## IV.   BOND/SECURITY

Rule 65(c) of the Federal Rules of Civil Procedure states that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

Plaintiffs "request that the bond amount be minimal, as any potential damages are secure due to the real property involved." (Mot. for Prelim. Inj. 11:12-13, ECF No. 57.)  Defendant has not opposed this request in its Response.  Thus, the Court finds that Plaintiffs shall post a FIVE HUNDRED ($500.00) DOLLAR bond before the requested injunction will take effect.

## V.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Emergency Motion for Preliminary Injunction (ECF No. 57) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall post a **FIVE HUNDRED ($500.00) DOLLAR bond** before this Preliminary Injunction shall take effect.

**DATED** this 25th day of July, 2013.

_____

Gloria M. Navarro
United States District Judge